# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2010

No. 08-40461
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL HERNANDEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1653-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Miguel Hernandez-Hernandez (Hernandez) pleaded guilty to illegally reentering the United States following a prior deportation. He was sentenced to 41 months of imprisonment and a three-year term of supervised release. Hernandez filed a timely notice of appeal.

Hernandez raises three points of error with respect to the plea colloquy conducted by the magistrate judge (MJ). None of them were raised in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court, and they are all reviewed here only for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Hernandez must show by a reasonable probability that, but for the error, he would not have entered his guilty plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Hernandez argues that the MJ failed to determine that his plea was voluntary and not the result of force, threats, or promises outside of a plea agreement. Under *Dominguez Benitez*, we may consider the whole record in determining whether the MJ's error affected Hernandez's decision to plead guilty. *See Dominguez Benitez*, 542 U.S. at 83. The MJ was not required to use talismanic words in ascertaining the voluntariness of Hernandez's plea. *See United States v. Bachynsky*, 949 F.2d 722, 726 (5th Cir. 1991). After a review of the entire record in this matter and of the plea colloquy in particular, we conclude that Hernandez has not shown that his decision to plead guilty was affected by this omission. *See Dominguez Benitez*, 542 U.S. at 83.

Also challenged in this appeal is the failure of the MJ to inform Hernandez of the district court's obligation to consider the sentencing guidelines and its ability to depart therefrom. *See* FED. R. CRIM. P. 11(b)(1)(M). Further, Hernandez challenges the MJ's failure to inform him that any false statements made during the plea hearing could subject him to prosecution for perjury. *See* Rule 11(b)(1)(A). Nothing in the record indicates that, but for these omissions, Hernandez would not have pleaded guilty. Hernandez thus has not shown plain error with respect to these omissions. *See Dominguez Benitez*, 542 U.S. at 83.

Hernandez also argues that the cumulative effect of the three omissions noted above is to undermine the confidence in the outcome of the proceeding. As Hernandez has not shown reversible error as to any of his individual arguments, he cannot show cumulative reversible error. *See United States v. Stalnaker*, 571 F.3d 428, 435 (5th Cir. 2009).

AFFIRMED.

2